UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RHYDEAN C. ZACHERY, ) | CASE NO. 5:13 CV 23 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On January 4, 2013, Petitioner *pro se* Rhydean C. Zachery filed the above-captioned *in forma pauperis* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Zachery seeks to challenge his 2008 convictions, pursuant to a jury verdict in the Stark County Court of Common Pleas, for having a Weapon Under Disability and Illegal Conveyance of Weapons onto the Grounds of a Detention Facility.[1] For the reasons stated below, the Petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994).

---

[1] *See also*, *State v. Zachery*, No. 2008-CA-00187, 2009 WL 388282 (Cuy.App. Feb. 17, 2009).

The Petition does not set forth coherent grounds for relief.  Further, Petitioner moved for but was denied a delayed direct appeal to the Ohio Supreme Court.  *State v. Zachery*, 127 Ohio St.3d 1545 (Feb. 16, 2011).  Although the Petition is silent concerning the reason the delayed direct appeal was disallowed, this Court must assume the motion - filed over two years after his conviction was affirmed by the Ohio Court of Appeals - was denied because Petitioner failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a).  *See, Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).  Thus, Petitioner was procedurally barred from raising in the state court any grounds sought to be raised herein.

If a procedural bar in the state court exists, this Court will not consider the claims unless the petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him.  *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991)(citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also, Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  No such showing is reasonably suggested by the Petition.

Further, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

None of the circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there

is no suggestion of any basis for tolling the one year statute of limitations. Therefore, the Petition is time-barred in any event.

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                              */s/Dan Aaron Polster 3/4/13*
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE